IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANTHONY T. FULLER<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF HAWAII, HONOLULU POLICE DEPARTMENT, VERONICA SEDENO, KAMUELA PETTUS<br><br>Defendants. | CIV. NO. 24-00141 HG-RT<br><br>FINDINGS AND RECOMMENDATION TO DENY APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS |

**FINDINGS AND RECOMMENDATION TO DENY
APPLICATION TO PROCEED IN DISTRICT COURT
WITHOUT PREPAYING FEES OR COSTS**

Before the Court is pro se litigant Plaintiff Anthony T. Fuller's ("Plaintiff") *Application to Proceed in District Court without Prepaying Fees or Costs*, filed on March 28, 2024. ECF No. 2. The Court elects to decide the *Application* without a hearing pursuant to Rule 7.1(d) of the *Local Rules of Practice for the United States District Court for the District of Hawaii*. After careful review of the *Application* and relevant law, the Court recommends that the *Application* be **DENIED**.

A court may authorize the commencement or prosecution of any suit without prepayment of fees if the litigant submits an affidavit stating that the litigant is unable to pay the required fees. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234

(9th Cir. 2015) (citing *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)) (the affidavit "is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."). In determining in forma pauperis ("IFP") status, the Court considers whether the applicant's annual income surpasses the poverty threshold as determined by the Department of Health and Human Services ("HHS") 2024 Poverty Guidelines. *See* Office of the Assistant Secretary for Planning and Evaluation, Poverty Guidelines, https://https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited Apr. 12, 2024). This threshold is based on the number of persons in the applicant's family or household. The poverty guideline for a one-person household is $17,310.00 annually.

Plaintiff states that his income is $1,360.00 every two weeks or $32,640.00 annually ($1,360.00 x 24 = $32,640.00). ECF No. 2 at PageID.9. Plaintiff owns $25.82 in a checking or savings account and a vehicle worth $3,500.00. *Id.* at 10. Plaintiff has variable monthly expenses of approximately $2,421.00 to $2,571.00 for rent, electricity and phone expenses. A litigant "need not be absolutely destitute[,] . . . [but] must allege poverty 'with some particularity, definiteness and certainty.'" *Escobedo*, 787 F.3d at 1234 (citations omitted) (internal quotations omitted). However, in this case, Plaintiff's monthly income is almost twice the amount of the poverty guideline for a one-person household. Based on this information, even considering Plaintiff's expenses, the Court cannot find that

2

Plaintiff is unable to pay the required fees in this case. The Court thus **RECOMMENDS** that the *Application* be **DENIED**.

## CONCLUSION

The Court cannot **FIND** that Plaintiff is unable to pay the required fees and **RECOMMENDS** that the district court:

1)   **DENY** the *Application*, and

2)   **GRANT** Plaintiff leave to (a) pay the filing fee.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, April 12, 2024.

Rom A. Trader
United States Magistrate Judge

---

Civ. No. 24-00141 HG-RT; *Anthony T. Fuller vs. State of Hawaii*; Findings and Recommendation to Deny Application to Proceed in District Court Without Prepaying Fees or Costs