```
             IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF HAWAII

ANTHONY T. FULLER,              )   CIV. NO. 24-00141 HG-RT
                                )
            Plaintiff,          )
                                )
      vs.                       )
                                )
STATE OF HAWAII; HONOLULU       )
POLICE DEPARTMENT; VERONICA     )
SEDENO; KAMUELA PETTUS,         )
                                )
            Defendants.         )
                                )
```

**ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 41(b)**

On March 28, 2024, Plaintiff filed a Complaint against the State of Hawaii, the Honolulu Police Department, and two individuals: Veronica Sedeno and Kamuela Pettus. (ECF No. 1).

Plaintiff claims the individual defendants made a false report to the Honolulu Police Department that Plaintiff kidnapped a child. Plaintiff also asserts that the State of Hawaii "violated [his] due process of having a fair trial also hindering me from resolving issues with family court by continuously pushing back court dates."

During a year of litigation, Plaintiff has continuously violated the Federal Rules of Civil Procedure and the District of Hawaii Local Rules. He has repeatedly ignored orders and instructions from the Court. Plaintiff has filed a plethora of documents that consistently failed to comply with his duty and obligation to properly pursue his Complaint.

Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 41(b).

## PROCEDURAL HISTORY

On March 28, 2023, Plaintiff filed the Complaint. (ECF No. 1).

On the same date, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs. (ECF No. 2).

On April 12, 2024, the Magistrate Judge issued a FINDINGS AND RECOMMENDATION TO DENY APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS. (ECF No. 4).

On May 1, 2024, the Court issued an ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS OR RECOMMENDATION TO DENY APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS, AS MODIFIED. (ECF No. 5).

On May 22, 2024, Plaintiff paid the filing fee. (ECF No. 13).

Plaintiff failed to timely serve the Complaint following payment of the filing fee.

On August 27, 2024, the Magistrate Judge held a status conference with Plaintiff. (ECF No. 16). The Magistrate Judge explained that pursuant to Federal Rule of Civil Procedure 4(m), service of the Complaint must occur within 90 days after the Complaint is filed and that Plaintiff failed to demonstrate timely service. (Id.) The Magistrate Judge instructed Plaintiff

that "he bears sole responsibility to timely and properly serve the defendants" and that Plaintiff proceeding pro se "shall abide by all local, federal, and other applicable rules and/or statutes." (Id.) Plaintiff was cautioned that sanctions, including dismissal with prejudice, may be imposed for failure to comply with the District of Hawaii Local Rules. (Id.)

On September 16, 2024, Plaintiff filed a defective waiver of service of summons for Defendant Veronica A.E. Sedeno. (ECF No. 17).

On September 18, 2024, the Magistrate Judge issued a detailed Minute Order explaining Plaintiff's continued failure to provide timely notice of service of the Complaint in compliance with the Federal Rules of Civil Procedure. (ECF No. 18).

The Magistrate Judge explained that Plaintiff had a non-party mail un-filed documents to the Court. (Id.) The Magistrate Judge again informed Plaintiff that he must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii and may not mail unfiled documents to the Court from a non-party. (Id.)

On September 23, 2024, Plaintiff sent two letters to the Court, which were stricken by the Magistrate Judge. (ECF Nos. 19, 20, and 21). The Magistrate Judge explained that the two letters were statements by Plaintiff concerning Hawaii state family court proceedings that were unrelated to this case. (ECF No. 21). The Magistrate Judge explained to Plaintiff for the

3

**SECOND** time that he must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.  (Id.)  The Magistrate Judge informed Plaintiff that he still failed to demonstrate timely service in compliance with the Federal Rules of Civil Procedure and advised Plaintiff that "documents should not be submitted for filing until they are used in the proceeding or the court orders their filing pursuant to Fed. R. Civ. P. 5(d)(1)(A).  (ECF No. 21).  The Magistrate Judge ordered Plaintiff not to file letters, statements, or documents that were not attached to a motion or filing required by the Court and stated: "The Court shall not serve as a repository for Plaintiff's documents."  (Id.)

On September 24, 2024, Plaintiff sent another statement to the Court in violation of the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.  (ECF No. 22).

On September 26, 2024, the Magistrate Judge struck the statement as being in violation of both the Federal Rules of Civil Procedure and the Local Rules.  (ECF No. 23).  Plaintiff was advised for the **THIRD** time by the Magistrate Judge that he must comply with all local, federal, and other application rules and statutes and that sanctions may include dismissal of his case with prejudice.  (Id.)

On October 3, 2024, once again, Plaintiff submitted numerous unfiled documents to the Court in violation of the Federal Rules of Civil Procedure and the Local Rules.  (ECF No. 24).

4

On October 18, 2024, the Magistrate Judge struck the documents and informed Plaintiff for the **FOURTH** time that he must comply with all local, federal, and other applicable rules and statutes and that sanctions may include dismissal of his case with prejudice.  (ECF No. 25).  Plaintiff was again reminded that he still failed to demonstrate proof of timely service of the Complaint.  (Id.)

Despite already paying the filing fee, on November 1, 2024, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs, which was denied.  (ECF Nos. 27, 31, 44).

On November 10, 2024, Plaintiff submitted two e-mail messages to the Magistrate Judge's Courtroom Manager in violation of the Federal Rules of Civil Procedure and the Local Rules.  (ECF Nos. 28, and 29).

On November 12, 2024, the Magistrate Judge struck the e-mails for failing to comply with the Federal Rules of Civil Procedure and the Local Rules.  (ECF No. 30).  The Magistrate Judge for the **FIFTH** time informed Plaintiff that he must comply with all local, federal, and other application rules and statutes and that sanctions may include dismissal of his case with prejudice.  (Id.)  Again, the Magistrate Judge reminded Plaintiff that he still failed to demonstrate timely service of the Complaint.  (Id.)

On November 19, 25, and 27, 2024, Plaintiff filed various

documents that he claimed demonstrated proof of service of the Complaint. (ECF Nos. 32-41). Plaintiff also erroneously filed a statement entitled "Appearance of Counsel" with no counsel identified and a Scheduling Conference Statement. (ECF Nos. 42, 43).

On December 13, 2024, nine months after the filing of the Complaint, the Magistrate Judge issued yet another Minute Order, outlining Plaintiff's repeated failures to comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii. (ECF No. 45).

The Magistrate Judge reviewed the documents Plaintiff filed and found that each failed to demonstrate timely proof of service of the Complaint and Summons in conformity with the Federal Rules of Civil Procedure. (Id.)

The Magistrate Judge issued an ORDER TO SHOW CAUSE for Plaintiff's failure to effectuate timely and proper service of the Complaint and Summons on each Defendant. (Id.)

On December 13, 2024, Plaintiff emailed an unfiled document titled Summary Judgment to the Magistrate Judge's Courtroom Manager. (ECF No. 46).

On December 16, 2024, Plaintiff emailed another unfiled document to the Magistrate Judge's Courtroom Manager titled "Order to Show Cause." (ECF No. 47).

On December 16, 2024, the Magistrate Judge struck the two documents for failing to comply with the Federal Rules of Civil

Procedure and the District of Hawaii Local Rules.  (ECF No. 49).

Also on December 16, 2024, Plaintiff filed another document titled "Summary Judgment."  (ECF No. 48).

On the same date, the District Court struck the document for failing to comply with the Local Rules for the District of Hawaii.  (ECF No. 50).

Again, on December 16, 2024, Plaintiff repeatedly e-mailed the Magistrate Judge's Courtroom Manager with several requests. (ECF No. 51).  The Magistrate Judge reminded Plaintiff that he may not make requests or filings through the Court's Courtroom Manager.  (Id.)  The Magistrate Judge for the **SIXTH** time informed Plaintiff that he must comply with all local, federal, and other applicable rules and statutes and that sanctions may include dismissal of his case with prejudice.  (Id.)

On December 18, 2024, nine months after filing the Complaint and seven months after paying the filing fee, Plaintiff filed proof of summons returned executed on the four Defendants.  (ECF Nos. 57, 58, 59, and 60).

Also on December 18, 2024, Plaintiff filed another document titled "Order to Show Cause."  (ECF No. 61).

On the same date, Plaintiff filed another document entitled "Appearance of Counsel" with no counsel identified.  (ECF No. 56).

On December 23, 2024, the Magistrate Judge stuck the December 18, 2024 filing, explaining that the Court issues

7

orders, not the Plaintiff.  (ECF No. 62).

Also on December 23, 2024, the Magistrate Judge explained to Plaintiff that his filings entitled "Appearance of Counsel" were unnecessary and inappropriate as they do not identify an attorney of record and are unsigned.  (ECF No. 63).  The Magistrate Judge for the **SEVENTH** time informed Plaintiff that he must comply with all local, federal, and other applicable rules and statutes and that sanctions may include dismissal of his case with prejudice.  (Id.)

On January 8, 2025, Plaintiff filed another Motion for Summary Judgment that violated the Local Rules for the District of Hawaii.  The Court struck the filing.  (ECF No. 65).

Also on January 8, 2025, the Defendant State of Hawaii filed a Motion to Dismiss.  (ECF No. 66).

On January 10, 2025, Plaintiff again filed a Declaration in violation of the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.  (ECF No. 68).  He also filed a request for entry of default as to the two individual defendants.  (ECF No. 69).

On January 13, 2025, Plaintiff filed a Motion for Default Judgment against the two individual defendants.  (ECF No. 71).  Plaintiff did not attach any evidence as to merit of his claims in support of the Motion for Default Judgment.  Plaintiff only attached evidence regarding purported service of the Complaint nine months after the Complaint was filed.  (Id.)

Also on January 13, 2025, Plaintiff filed an Opposition to the State's Motion to Dismiss. (ECF No. 72).

On the same date, Plaintiff filed a Motion that was entitled "MOTION TO FILE STATE COURT MOTION IN FEDERAL COURT" in violation of the Federal and the Local Rules. (ECF No. 73).

Also on January 13, 2025, Plaintiff filed another Motion to File State Court Motion and Request Regarding Rule 48 Violations, again in violation of both the Federal and Local Rules. (ECF No. 74).

In addition, on January 13, 2025, Plaintiff filed two letter requests for action to the Magistrate Judge, in violation of the Federal Rules of Civil Procedure and the Local Rules. (ECF Nos. 76, 77). The Magistrate Judge for the **EIGHTH** time informed Plaintiff that he must comply with all local, federal, and other applicable rules and statutes and that sanctions may include dismissal of his case with prejudice. (Id.)

On January 16, 2025, the Magistrate Judge issued a Minute Order stating that he was taking no action on the Order to Show Cause regarding service. (ECF No. 79).

Also on January 16, 2025, Plaintiff filed a Motion for Leave to Amend Motion for Default Judgement and a Motion to Strike Defendant Honolulu Police Department's Affirmative Defenses. (ECF Nos. 80, 81).

On the same date, Plaintiff filed a document entitled First Set of Discovery Requests to Defendant Honolulu Police

Department.  (ECF No. 84).

On January 16, 2025, the Magistrate Judge issued yet another Minute Order striking Plaintiff's filings (ECF Nos. 65, 68, 73, 74, and 75) because they all failed to comply with both the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.  (ECF No. 85).  The Magistrate Judge for the **NINTH** time informed Plaintiff that he must comply with all local, federal, and other application rules and statutes and that sanctions may include dismissal of his case with prejudice.  (Id.)

On January 22, 2025, the State filed its Reply to its Motion to Dismiss.  (ECF No. 86).

On January 23, 2025, Plaintiff filed 308 pages of Exhibits that are not attached to any Motion or in response to a request from the Court.  (ECF No. 87).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 41(b) provides that if the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Fed. R. Civ. P. 41(b).

The District Court also has the "inherent power" to dismiss an action pursuant to Rule 41(b) due to a plaintiff's failure to prosecute or comply with a court order.  Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Hells Canyon Pres. Council v. U.S.

10

Forest Service, 403 F.3d 683, 689 (9th Cir. 2005) (explaining that a district court may involuntarily dismiss a case sua sponte pursuant to Fed. R. Civ. P. 41(b)).

## ANALYSIS

District Courts have wide discretion in determining whether to dismiss a case or claims pursuant to Fed. R. Civ. P. 41(b). Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976).

In evaluating whether to dismiss an action for failure to prosecute or failure to comply with a Court order pursuant to Fed. R. Civ. P. 41(b), the District Court considers five factors:

- (1) the public's interest in expeditious resolution of litigation;
- (2) the court's need to manage its docket;
- (3) the risk of prejudice to the defendant;
- (4) the public policy favoring disposition of cases on their merits; and
- (5) the availability of less drastic sanctions.

Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984).

The public's interest in expeditious resolution favors dismissal of this case pursuant to Fed. R. Civ. P. 41(b). Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). District courts have inherent power to control their dockets. In the exercise of that power, the trial courts may impose sanctions, including dismissal, for failure to comply with court orders or failure to timely prosecute claims. Thompson v. Hous.

Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986). It is "incumbent" upon courts to manage their dockets without being subject to routine noncompliance by litigants. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

### A. Public Interest In Expeditious Resolution Of Case

Plaintiff filed the Complaint nearly one year ago on March 28, 2024. Plaintiff did not serve the Complaint on the Defendants until December 18, 2024, nearly nine months after he filed the Complaint.

Plaintiff has not provided a basis for his failure to timely serve the Complaint. The Magistrate Judge repeatedly informed the Plaintiff of his need to timely serve the Complaint and Plaintiff's need to comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii in pursuit of his Complaint.

Timely service of the Complaint ensures there is expeditious resolution of cases. Although Plaintiff appears to have been incarcerated for some portion of the proceedings, that does not excuse Plaintiff's untimely service nine months after filing the Complaint.

Plaintiff was repeatedly informed of his need to comply with the service requirements of Federal Rule of Civil Procedure 4 and to timely serve the Complaint within 90 days of filing the case. Plaintiff failed to do so. During the nine month period,

12

Plaintiff continually contacted the Court or sent the Court unfiled documentation.  He also filed a plethora of non-conforming documents.

The Court does not find that Plaintiff has established good cause for failing to serve the Complaint within 90 days as required pursuant to Fed. R. Civ. P. 4(m).  This alone could serve as a basis for dismissal but it also supports dismissal pursuant to Fed. R. Civ. P. 41(b).  <u>United States v. Eaton Corp. PLC</u>, 2024 WL 3529062, *2 (C.D. Cal. Apr. 17, 2024); <u>Anekwu v. ICE</u>, 2019 WL 7865048, *1-*2 (C.D. Cal. May 28, 2019).

### B. The Court's Need to Manage Its Docket

The Court has expended extensive resources attempting to manage the Docket in this case.  Plaintiff's repeated failures to comply with both the Federal Rules of Civil Procedure and the District of Hawaii Local Rules have required overwhelming oversight of this case.  Plaintiff has repeatedly ignored the Court's detailed orders and instructions.

Plaintiff has been warned on no less than **NINE** occasions in the docket by the Magistrate Judge and multiple times by the District Court.  Under Rule 81.1 of the Local Rules of Practice for the United States District Court for the District of Hawaii, pro se litigants are required to abide by all local, federal, and other applicable rules and/or statutes.  Plaintiff has been repeatedly informed that sanctions, including but not limited to

13

dismissal with prejudice, may be imposed for failure to comply with the Local Rules.

Plaintiff has ignored the Court's repeated instructions that he may not submit requests, filings, or motions via third parties and he may not attempt to communicate with the Court by e-mailing the Courtroom Manager.

Plaintiff has been repeatedly informed that he may not attempt to submit letters to the Court as they constitute improper ex parte communications.

Plaintiff continues to ignore the Court's orders that he may not file evidence unattached to any Motion and that he may not use the Court as a repository for his documents.

Plaintiff has been repeatedly warned that he may not use Hawaii State Court documents in federal court but has continuously used state court forms and attempted to file state court motions in federal court, including multiple documents entitled "MOTION TO FILE STATE COURT MOTION IN FEDERAL CASE."

It is "incumbent" upon courts to manage their dockets without being subject to routine noncompliance by litigants. Pagtalunan, 291 F.3d at 642. Dismissal of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 41(b) is necessary in order to manage the Court's Docket. Hunter v. Sandoval, 2018 WL 6570870, *2 (C.D. Cal. Dec. 12, 2018).

### C. Risk of Prejudice to Defendants

The third factor the Court considers is risk of prejudice to the defendants. Pagtalunan, 291 F.3d at 642. Delay in serving a complaint is a particularly serious failure to prosecute under Rule 41(b) because it affects all the defendant's preparations. Anderson v. Air West, Inc., 542 F.2d 522, 525 (9th Cir. 1976). Unreasonable delay is the foundation upon which a court may presume prejudice. Sw. Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000).

The Court finds that the nine-month delay in effectuating service on the Defendants was unreasonable and weighs in favor of dismissal. In addition, Plaintiff's repeated failures to comply with both the Federal Rules of Civil Procedure and the Local Rules interfere with the Defendants' ability to properly defend the case and weigh in favor of dismissal.

### D. Less Drastic Alternatives

Sanctions other than dismissal would be ineffective in this case. The overwhelming disregard for the Federal Rules of Civil Procedure and the District Court's Local Rules and the blatant refusal by Plaintiff to respond to the nine written warnings issued by the Magistrate Judge mandate dismissal with prejudice. Plaintiff's repeated violations of the Rules burdened the Court staff and its resources by requiring extended review of

Plaintiff's often indecipherable, unintelligible, and irrelevant documents. The Court finds that dismissal with prejudice is appropriate. Pagtalunan, 291 F.3d at 643; Yourish v. California Amplifier, 191 F.3d 983, 992 (9th Cir. 1999).

### E.   Public Policy Favoring Disposition On The Merits

The final factor the Court considers is the public policy favoring disposition of cases on their merits. Pagtalunan, 291 F.3d at 642. This factor lends little support to a party whose responsibility it is to move a case forward but whose conduct impedes progress in that direction. In re Phenylpropanolamine Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006).

Here, Plaintiff has delayed this action by failing to timely serve the Complaint and repeatedly ignoring the Court's instructions, orders, and his duties to comply with the Federal Rules of Civil Procedure, the Local Rules, and the applicable statutes. Public policy in favor of disposition on the merits does not alter the Court's analysis that dismissal with prejudice is appropriate in this case.

//
//
//
//
//
//

16

**CONCLUSION**

Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of Court is **ORDERED** to **CLOSE THE CASE**.

IT IS SO ORDERED.

DATED: February 5, 2025, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

Anthony T. Fuller v. State of Hawaii; Honolulu Police Department; Veronica Sedeno; Kamuela Pettus, Civ. No. 24-00141 HG-RT; **ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 41(b)**